SHERICK, PJ, and LEMERT, J, concur.

King, Flynn & Froman, Sandusky, for plaintiff in error.

John F. McCrystal, Sandusky, and John F. McCrystal, Jr., Sandusky, for defendant in error.

## LAKE SHORE ELECTRIC RAILWAY CO v ROHRBACHER

Ohio Appeals, 6th Dist, Erie Co

No 394. Decided Oct 17, 1932

RICHARDS, J.

It is well settled that if a plaintiff recovers a judgment for a lesser amount than he claims is his due, and thereafter receives payment of the amount of the judgment and costs, he can not prosecute error. That, however, is not the situation involved in this case. The precise question involved is clearly stated in the brief of plaintiff in error in the following language:

"Can the defendant in the Court of Common Pleas against whom a judgment is rendered, and upon which judgment the plaintiff has sued out an execution, and it is in the hands of the sheriff who is threatening to levy upon the property of the defendant, prosecute error pending such a levy after he has, in response to the demands of the sheriff, paid the judgment and costs?"

We unhesitatingly answer this question in the affirmative and such answer is compelled alike by reason and authority. If the law were otherwise, a defendant who was unable to give bond as provided by statute would be unable to prosecute error. Some conflict exists in the authorities as to whether a payment made when execution has not been issued deprives the debtor of the right to prosecute error, but we are not concerned with that situation, for it is not here involved. Unquestionably, a payment made by a judgment debtor after an execution has been issued and is about to be levied upon his property is involuntary and is compulsorily made, and we have no hesitancy in reaching the conclusion that a payment made to the sheriff under such circumstances does not prevent the judgment debtor from prosecuting error. The proposition is clearly and concisely stated in 2 R.C.L., 65, in the following language:

"Certainly the fact that the satisfaction of the judgment is coerced by execution or other process, such satisfaction being **in invitum**, does not operate as a waiver of the right of appeal or writ of error."

The law as thus stated seems to be generally followed throughout various jurisdictions. We do not find it directly decided in Ohio, but the statement of facts in **Pickett v Garner, 31 Oh St, 28,** shows that when the case was in court at an earlier date, error was prosecuted by the judgment debtor after the amount had been collected of him on execution, and that he secured a reversal of the judgment by the Supreme Court. Having reached a conclusion that The Lake Shore Electric Railway Company is entitled to prosecute error notwithstanding it paid the judgment to the sheriff, we come to the consideration of the case upon its merits.

The bill of exceptions discloses that the tracks of The Lake Shore Electric Railway Company were laid on Tiffin Avenue in the City of Sandusky at the extreme east side of the boulevard and that Tiffin Avenue extends in a southwesterly and northeasterly direction. Venice Road runs in an east and west direction in the City of Sandusky and runs into Tiffin Avenue from the west, and a traffic light of the city exists at the point where the two roads meet. Just before the injury a baggage car of the company was traveling southwesterly on the southeasterly side of Tiffin Avenue. Rohrbacher was riding his motorcycle in the same direction on the same street, intending to continue his journey to a point beyond Venice Road. When the tracks of the railway company reach Venice Road they curve to the right across Tiffin Avenue and run west on Venice Road. Rohrbacher reached that point a short distance ahead of the baggage car. The green light in the traffic signal was in his favor, entitling him to proceed, but the evidence tends to show that the baggage car had begun to make the curve onto Venice Road, so that he was not able to proceed straight ahead nor was he able, on account of the speed at which his motorcycle was traveling, to make the turn onto Venice Road, nor was he able, as he claims, to stop his motorcycle in time to prevent a collision if he had proceeded directly ahead. Under these circumstances he swerved to the right and undertook to cross the track a few feet ahead of the baggage car and was thrown from the motorcycle into the ditch and injured.

The plaintiff claims that the company was negligent in failing to heed the traffic signal and in negligently failing to keep its car under control and to keep a proper lookout for persons using Tiffin Avenue, and in failing to slacken the speed of the car before crossing that street. The evidence shows that the traffic signal continued green on Tiffin Avenue, thus authorizing Rohrbacher to proceed on his course, in the exercise of ordinary care, and it is further apparent that when the

baggage car entered the curve, it was crossing all traffic on Tiffin Avenue at a time when such traffic had the right to proceed in accordance with the green light on the traffic signal. It is said that the traffic light towards the east is always blank, being so made in view of the fact that Venice Road does not cross Tiffin Avenue. In view of the fact that the traffic light continued green on Tiffin Avenue when the car of the company was crossing that street, it was the duty of the company to be vigilant for the protection of travelers on that avenue. Whether it did exercise ordinary care in that respect and whether Rohrbacher in proceeding on his journey exercised ordinary care, were proper questions for the jury to decide and we can not say, from a reading of the evidence in this record, that the verdict and judgment are manifestly against the weight of the evidence.

Finding no prejudicial error, the judgment must be affirmed.

LLOYD and WILLIAMS, JJ. concur.